Barnes
vs
Gray

BARNES *vs.* GRAY.

Whether or not the defendant in an action of assault and battery has supported his plea of *son assault demesne*, is for the consideration of the jury, on the evidence.

If on a joint assault and battery the plaintiff severs his actions, all the facts occurring at the time of the assault and battery may go to the jury, at the trial of either of the actions.

APPEAL from *Charles* county court. The appellee, (the plaintiff in the court below,) brought an action of *assault and battery* against the appellant. The defendant pleaded *not guilty*, and *son assault demesne.* To which pleas issues were joined, on the general replication to the last plea. At the trial the plaintiff examined a witness, who gave in evidence, that the plaintiff was intoxicated when the assault occurred, and that he came into the house, where the defendant was, and made his way through the crowd of other people that were there, parting them, as he went along, until he came to the defendant, whom he took hold of by the collar, or breast. That the defendant twice observed to the plaintiff, that he was an old man, and unable to fight, and requested him to let him go, the plaintiff still held him, without speaking, when the defendant's son, *Thomas Barnes*, seizing the plaintiff's arm, and the plaintiff turning his head, and asking who had hold of him, the defendant struck him, and knocked him down, and struck him two or three times after. That *James Barnes*, another of the defendant's sons, then stamped the plaintiff several times with his feet. It also appeared to the court in evidence, that there was a separate action of assault and battery, next following the present, on the docket, against the said *James Barnes*, and *Thomas Barnes*. The defendant then objected to any evidence being given in this action relative to the acts of *Thomas Barnes* and *James Barnes*, there being separate actions brought against them by the plaintiff. This objection was overruled by the court, [*Key* and *Plater*, A. J.] and the evidence went to the jury.

The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

*Stonestreet*, for the appellant, relied on the following grounds for a reversal of the judgment—1. Because the plea of *son assault demesne*, was supported by the evidence of the plaintiff's witness. 2. Because the plaintiff having declared against *Godshall Barnes* alone, could not give testimony of the acts of third persons to aggravate the damages. If he wished to avail himself of such testimony, he might have entitled himself to it by declaring that

he was assaulted and beaten by *Godshall Barnes, cum aliis*, to wit, *Thomas* and *James Barnes;* but having elected to sever the actions, he must sever the proof. The *allegata* and *probata* must correspond. That there was no proof of any previous concert or combination between the *Barnes's.*

*Brawner*, for the appellee, contended, 1. Whether or not the plea of *son assault demesne* was supported, was a matter of fact for the consideration of the jury upon the whole of the evidence. He cited 1 *Bac. Ab.* tit. *Assault and Battery*, 246, 247; and *Esp. Dig.* 315.

2. Where there has been a joint assault and battery, and the plaintiff severs his actions, all the facts occurring at the time may go to the jury at the trial of either action. *Esp. Dig.* 317, 319, 321.

JUDGMENT AFFIRMED.

*June 1822.*

Frazier
vs
Hall

---

# COURT OF APPEALS, JUNE TERM, 1822.

### Frazier *et al.* Lessee *vs.* Hall.

In this case a judgment was recovered by the plaintiff in an action of ejectment in the late general court, at May term 1790.

*Mayer* for the plaintiff, moved the court, that the term of the demise laid in the declaration be enlarged to one hundred years. He cited *Vicars vs. Hayden*, 2 *Cowp.* 841, and *Turner et al. vs. Worthington et al.* in this court at June term 1817, (a).

MOTION OVERRULED.

*A motion to enlarge the term of action of ejectment, wherein judgment had been rendered in the late general court in 1790, refused.*

*Where a judgment in ejectment rendered in the late general court in 1802, had been enjoined by injunction, and the case brought to and affirmed in the court of appeals, on appeal from chancery; the term of the demise laid in the declaration was enlarged. (note)*

*The record of a deed in 1757, corrected so as to make it conformable with the original. (note)*

(a) *Turner et al. vs. Worthington et al.* in this court at June term 1817, was, on an appeal from a decree of the court of chancery, on a bill of injunction filed in December 1803, by the appellants, to stay proceedings at law on a judgment recovered in an action of ejectment by the appellees' lessee against the appellants, in the late general court at May term 1802, and affirmed on writ of error in the late court of appeals at November 1803, and for other relief. The chancellor, by his decree, dissolved the injunction, and dismissed the bill. An appeal was brought to this court; and the decree having been affirmed,

*Taney*, for the appellees, moved the court at this term, for an enlargement of the term of the demise stated in the declaration of ejectment, it having expired. The object was to enable the plaintiff at law to proceed on his judgment, by issuing a writ of *habere facias possessionem*. He cited *Vickars vs. Hayden*, 2 *Cowp.* 841, and the acts of assembly of 1805, *ch.* 65, *s.* 8, 18, 28, 39, and 1806, *ch.* 41, *s* 4.